Rockingham,
No. 5020.

STATE *v.* HENRY T. YELL.

Argued February 6, 1962.

Decided March 6, 1962.

88

*William Maynard,* Attorney General, *Irma A. Matthews,* Law Assistant, and *Lawrence W. Guptill, Jr.,* county attorney (*Mrs. Matthews* orally), for the State.

*Thomas J. McIntyre* (by brief and orally), for the defendant.

WHEELER, J. The principal contention of the defendant is that the indictment fails to allege that the embezzlement was committed with criminal intent and that the words "fraudulently convert" are not sufficient. In indictments for offenses created by statute it is generally sufficient to describe the events in the words of the statute. *State* v. *Goodwin,* 101 N. H. 252, 253. The exception to the general rule is where the capacity in which the defendant acted is alleged in too general terms and those too vague to enable the defendant to prepare for trial in the absence of additional specifications. *State* v. *Goodwin, supra.*

The word "fraudulent" in an indictment charging embezzlement includes an "intent" to do the act and is descriptive of the motive. See 17A Words & Phrases, "Fraudulently," intent (*p.* 164); *People* v. *Swenson,* 127 Cal. App. 2d 658.

The defendant here was charged with fraudulently converting to his own use $16,000 of funds belonging to the Raymond E. Walton Post, No. 70, American Legion of Seabrook, which had been entrusted to him in his official capacity as finance officer. The indictment follows the wording of the statute and the capacity in

which the defendant acted is described with sufficient definiteness and fully states all the essential elements of the offense charged. *State* v. *Farwell,* 102 N. H. 3, and cases cited.

*Exceptions overruled.*

All concurred.